# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONNA HAYES-MURPHY, Individually and as Administrator of the Estate of RYAN MICHAEL MURPHY, Deceased, | |
| Plaintiff, | Case No. 12 cv 5899 |
| v. | Judge Marvin E. Aspen |
| NITZA D. GONZALEZ, JOSE ANGEL GARAY, INC., RICHARD A. GONZALEZ, GENERAL ELECTRIC CAPITAL CORP., and JETLAND LOGIC FREIGHTERS CO., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Plaintiff Donna Hayes-Murphy ("Plaintiff") filed a complaint in the Circuit Court of Cook County alleging negligence and wrongful death after her son died in an accident involving two tractor trailers. Three of the five defendants removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Presently before us is Plaintiff's motion to remand. For the reasons set forth below, we grant the motion and award costs to Plaintiffs.

## BACKGROUND

On June 8, 2010, Nitza Gonzalez ("Nitza") was driving a commercial tractor trailer on Interstate 91 near North Haven, Connecticut when the vehicle ran out of gas. (Compl. ¶ 8.) Nitza pulled over to the side of the interstate and allegedly failed to put out any warning cones, activate the vehicle's flashers, or take any other steps to alert other drivers of the presence of the

disabled tractor trailer. (*Id*. ¶ 9.) Nitza contacted Travel Centers of America, who sent out their roadside assistant Ryan Michael Murphy ("Ryan Michael"), Plaintiff's decedent. (*Id*. ¶ 10.) While Ryan Michael was refueling Nitza's tractor trailer another commercial vehicle crashed into it, resulting in fatal injuries to Ryan Michael. (*Id.*)

The complaint alleged that Defendants Nitza, Richard Gonzalez ("Richard"), Jose Angel Garay, Inc. ("Garay"), Jetland Logic Freighters, Co. ("Jetland"), and General Electric Capital Corp. ("GE") (collectively "Defendants") owned, operated, leased, maintained, or controlled the tractor trailer involved in the accident. (Compl. ¶ 5.) Defendants Richard, Nitza, and Jetland filed a notice of removal. (Dkt. No. 1.) The three removing defendants claimed that this court has jurisdiction under 28 U.S.C. § 1332, based on the following allegations: (1) Jetland is a citizen of Florida (Not. ¶ 3); (2) Nitza and Richard are "individuals who reside within the State of Florida" (*Id.* ¶ 4); and (3) "Plaintiff has failed to plead the basis for naming [GE] and [Garay] as Defendants in the Circuit Court case" (*Id.* ¶ 5).

Plaintiff moved to remand, pointing to a number of alleged deficiencies in the notice of removal. (Mem. at 1–4.) She states that she and GE are both citizens of Connecticut for the purposes of jurisdiction, so complete diversity is lacking. (*Id.* at 1–2.) She argues that Defendants cannot meet their burden of showing that GE was fraudulently joined, because of her allegations that GE owned or controlled the tractor trailer and that the negligence of GE's agents or employees caused the accident. (*Id.* at 2–3.) She further argues the notice of removal is deficient because (1) it is untimely; (2) it alleges that Nitza is a resident, rather than a citizen, of Florida; and (3) it fails to address Garay's allegedly deliberate avoidance of service. (*Id.* at 4.)

2

Finally, Plaintiff points out that all properly-served defendants must join in the removal or consent to it, but GE did neither. (*Id.*)

Defendants responded that GE "merely owned the trailer," and had leased it "to some other entity" at the time of the accident. (Resp. at 1.) Therefore, Defendants argue, the court should disregard GE's Connecticut citizenship, because there is "no allegation of negligence or defect involving the trailer or the lease." (*Id.* at 2.) Defendants further claim that Nitza is a citizen of Florida and argue that the removal was timely because Nitza had not been served when Defendants filed the notice. (*Id.*) Finally, they claim no knowledge of the existence or citizenship of Garay, and contend that its alleged attempts to avoid service have no bearing on the validity of the removal. (*Id.*)

After briefing on the motion to remand was complete, Defendants moved to supplement the record with an invoice and bill of sale purporting to show that GE had sold the tractor trailer before the accident occurred. (Dkt. No. 28.) We granted the motion and Plaintiff responded with records from the Illinois Secretary of State Vehicle Services Department indicating that GE owned the tractor trailer during the relevant time period. (Dkt. No. 31.)

**STANDARD OF REVIEW**

A defendant may remove an action to federal court "when a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); 28 U.S.C. § 1441(a). A defendant seeking removal on the basis of federal diversity jurisdiction "bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000); *Halperin v. Merck*,

3

*Sharpe & Dohme Corp.*, No. 11 C 9076, 2012 WL 1204728, at *1 (N.D. Ill. April 10, 2012). The federal courts "should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758; *Doe v. Allied-Signal Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Any doubt regarding diversity jurisdiction should be resolved in favor of the states.").

## ANALYSIS

### I. Fraudulent Joinder

Defendants claim that GE "is not joined in this suit in good faith and is pleaded in an attempt to create diversity where none exists." (Resp. at 1.) As the Seventh Circuit has explained, "a plaintiff may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur*, 577 F.3d at 763; *see also Halperin*, 2012 WL 1204728, at *1 ("Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent."). Therefore, under the fraudulent joinder doctrine, a district court will "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur*, 577 F.3d at 763. Joinder may be literally fraudulent if a party knowingly states a false jurisdictional fact, but "in most cases, fraudulent joinder involves a claim against an in-state defendant that has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

The removing party bears "a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issue of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* (emphasis in original);

4

*Schur*, 577 F.3d at 764 ("Fraudulent joinder is difficult to establish . . ."). District courts in the Seventh Circuit have suggested that "the burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur*, 577 F.3d at 764 (collecting cases). We must ask "whether there is any reasonable possibility that the plaintiff could prevail against a nondiverse defendant." *Id.*

We must turn to the state law governing Plaintiff's claim in order to determine whether she has any reasonable possibility of success against GE. *Id.* In personal injury cases, the Illinois Supreme Court has held that "the local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties." *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 903, 227 Ill. 2d 147, 163 (2007). The accident occurred near North Haven, Connecticut, and none of the parties allege that Illinois has a more significant relationship with the injury or the parties. Thus, for the purposes of addressing fraudulent joinder in this motion to remand, we look to Connecticut law of negligence.

Under Connecticut law, the "essential elements of a cause of action in negligence are well-established: duty; breach of that duty; causation; and actual injury." *Archambault v. Soneco/Northeastern, Inc.*, 946 A.2d 839, 848, 287 Conn. 20, 32 (2008). Connecticut also recognizes that a principal may be liable for the negligence of its agent under a theory of vicarious liability. *Alvarez v. New Haven Register, Inc.*, 735 A.2d 306, 313, 249 Conn. 709, 720 (1999). Plaintiff alleged that each of the Defendants, GE included, "owned, operated, leased, maintained, or controlled" the tractor trailer involved in the accident. (Compl. ¶¶ 4–5.) She further alleges that GE, "acting through agents, servants, employees or apparent agents," was

5

negligent in failing to "properly manage the fuel supply on the tractor trailer," in running out of fuel, and in failing to properly warn other drivers of the presence of the disabled vehicle after it ran out of fuel. (*Id.* ¶ 14.)

Initially, Defendants argued that GE "merely owned the trailer," and there is "no allegation of any negligence or defect involving the trailer." (Resp. at 1–2). This argument is insufficient to meet Defendants' difficult burden of establishing fraudulent joinder. We can not rule out at this stage that some defect in the vehicle contributed to the accident, even without specific allegations to that effect. Moreover, it is possible that Plaintiff could prove the existence of an agency relationship between GE and a party whose negligence caused the accident, giving rise to vicarious liability. In sum, Defendant has failed to show that there is no reasonable possibility of Plaintiff recovering from GE.

After briefing on the motion to remand, Defendants offered evidence showing that GE might not have even owned the vehicle at issue at the time of the accident. (Dkt. No. 28.) Plaintiff responded with public records indicating GE's ownership of the vehicle at the relevant time period. (Dkt. No. 31.) Thus, the parties present us with a factual dispute, and we resolve all factual disputes in Plaintiff's favor when there is a claim of fraudulent joinder. *Schur*, 577 F.3d at 764; *Poulos*, 959 F.2d at 73. Accordingly, for the purposes of this motion, we assume that GE owned the vehicle identified in the complaint. We further hold that Plaintiff has at least a reasonable possibility of prevailing against GE. Therefore, Plaintiff did not fraudulently join GE as a defendant merely to destroy diversity.

Plaintiff asserts, and Defendants do not dispute, that Plaintiff and GE are both citizens of Connecticut for the purposes of this suit. (Mem. at 1–2.) Therefore complete diversity does not

exist in this case, and Defendants may not remove under § 1332. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) ("For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."). For that reason, we grant Plaintiff's motion for remand.

## II. Nitza's state citizenship

Plaintiff points out that Defendants allege Nitza is a resident, not a citizen, of Florida. (Mem. at 4.)[1] It is well-settled that "allegations of residency are insufficient to establish diversity jurisdiction." *Tylka*, 211 F.3d at 448; *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit."). An individual's domicile determines state citizenship for the purposes of diversity jurisdiction. *Midwest Transit, Inc. v. Hicks*, 79 F. App'x 205, 208 (7th Cir. 2003); *Kamensky v. Estate of Weinstein*, No. 10 C 6605, 2011 WL 1838782, at *1 (N.D. Ill. May 13, 2011) ("An individual is a citizen of the state of his domicile rather than the state of his residence.") (citing *Simon v. Allstate Emp. Group Med. Plan,* 263 F.3d 656, 658 n.1 (7th Cir. 2001)). Residency in a state and intent to remain in the state are the two elements of domicile. *Midwest Transit*, 79 F. App'x at 208. Courts identify a party's domicile "from a totality of the circumstances," focusing "on such indicia as residence, voting practices, location of personal or real property, bank and brokerage accounts, memberships in associations, place of employment, driver's license, auto registration, and payment of state taxes." *Mader v. Motorola, Inc.*, 175 F.3d 1020, 1020 (7th Cir. 1999); *see also Midwest Transit*, 79 F. App'x at 208 (listing similar

---

[1] The notice of removal also alleges Richard's residence rather than his citizenship, but Plaintiff only raises the issue as to Nitza in the motion to remand.

7

factors from which courts "have tried to glean intent"). The party invoking federal jurisdiction on diversity grounds bears the burden of proof on the issue of citizenship. *Midwest Transit*, 79 F. App'x at 208. No single factor is determinative, and a party's unsupported assertion of domicile does not resolve the matter, "because self-serving statements are subject to skepticism when in conflict with the facts." *Mader*, 175 F.3d at 1020.

In their response, Defendants state that Nitza is a citizen of Florida, but they support that statement with nothing more than an affidavit in which Nitza testifies to her *residency* in Florida. (Resp. at 2, Ex. A. ¶¶ 3–5.) The circularity of this response suggests that Defendants do not grasp the distinction between residency and citizenship. Their confusion is not for lack of clarity in the case law. Courts in the Seventh Circuit have held repeatedly and unambiguously that "residence and citizenship are not synonyms and it is the latter that matters for the purposes of diversity jurisdiction." *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Johnston v. Johnston*, No. 10 C 7475, 2011 WL 573818, at *1 (N.D. Ill. Feb. 15, 2011). Indeed, "the cases are legion that a person's place of residence does not equate to that person's state of citizenship." *Tramec, LLC v. Rose Indus. Prods.,* No. 11 C 0816, 2012 WL 1029613, at *1 (N.D. Ill. Mar. 27, 2012).

In their response to the motion to remand, Defendants had the opportunity to correct their mistake in the notice of removal and demonstrate Nitza's state citizenship by pointing to any of the relevant indicia: her driver's license, her place of voter registration, or her bank accounts, for example. Instead, they submitted an affadavit repeating that Nitza is a resident of Florida. (Resp., Ex. A.) Plaintiff, on the other hand, has submitted reports from her process server indicating that Nitza may in fact be a citizen of Illinois—Nitza's car, for instance, apparently has
8

an Illinois license plate registered in her name to an Illinois address. (Dkt. No. 13-11.) At this stage we make no judgment regarding the weight or validity of Plaintiff's evidence; we merely observe that Defendant has offered no proof of Nitza's citizenship in Florida while Plaintiff has offered evidence to the contrary. Under these circumstances, we hold that Defendants have not met their burden of establishing Nitza's citizenship for the purposes of diversity jurisdiction. This deficiency in the notice of removal is adequate basis for granting the motion to remand, in addition to the lack of complete diversity.[2]

---

[2] Plaintiff's other arguments for remand are arguably valid, but they rest on less secure legal grounds. The issue of timeliness, for instance, is unsettled in the Seventh Circuit. Most courts have followed the "first served defendant" rule, which allows removal for 30 days after service of process on the first defendant. *See, e.g.*, *Fimex, Inc. v. Falcon Mgmt. Group*, No. 09 C 1432, 2009 WL 2486301, at *3–4 (N.D. Ill. Aug, 12, 2009). If we followed this rule, removal would be time barred, because Defendants filed notice 46 days after service of Richard and Jetland. (Mot. at 4 n.2.) Recently, however, Judge Kennelly wrote two well-reasoned opinions that have persuaded a number of courts to adopt the "last served defendant rule," which is operative in the Sixth, Eighth, and Eleventh Circuits. *See Save-A-Life Found. Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1007–10 (N.D. Ill. 2009); *Seabright Ins. Co. v. JLG Indus., Inc.*, No. 11 C 2424, 2011 WL 2463536, at *1–3 (N.D. Ill. June 20, 2011). According to this rule, the removal would be timely, because Nitza had not been served at the time of notice. The Seventh Circuit has not resolved this issue, and as it is unnecessary to the disposition of this motion, we decline to rule on it.

Plaintiff also claims the "forum defendant" rule, 28 U.S.C. § 1441(b)(2), bars removal because Garay is a citizen of Illinois. (Mem. at 4 n.5.) As Plaintiff concedes, however, Garay had not been served at the time of removal. (*Id.*) Normally, § 1441(b)(2) does not apply to a party unless it is "properly joined and served." 28 U.S.C. § 1441(b)(2). There are district court cases holding that a defendant's "gamesmanship," such as the deliberate avoidance of service Garay allegedly engaged in here (Mem. at 4 n.5.), should not thwart the purpose of § 1441(b)(2). *See Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 733–34 (N.D. Ill. 2007); *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672, at * 1–2. (N.D. Ill. Aug. 11, 2005). Other courts hold that concerns about gamesmanship should not "override the unambiguous and plain language of § 1441(b)." *Valido-Shade v. Wyeth, LLC*, MDL No. 1203, 2012 WL 2861113, at *2 (E.D. Pa. July 11, 2012). Again, we decline to decide this issue because it is unnecessary and the Seventh Circuit has not addressed it.

**III.    Award of Costs**

Plaintiff asks us to order Defendants to pay "just costs and any actual expenses, including attorney's fees, incurred as a result of removal." (Mem. at 4–5.) Section 1447(c) permits us to require payment of reasonable costs and fees as part of a remand order. 28 U.S.C. § 1447(c); *TCF Nat'l Bank v. W & A Bldg., LLC*, No. 10 C 3096, 2010 WL 4791454, at *1 (N.D. Ill. Nov. 17, 2010). The Supreme Court has decided this provision establishes no presumption either for or against an award of costs; rather, the decision is within the discretion of the district court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S. Ct. 704, 710 (2005) ("[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales . . ."). Absent unusual circumstances, however, our discretion is limited to those situations where "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141, 126 S. Ct. at 711.

The Seventh Circuit has explained that the "objectively reasonable" standard in *Martin* is measured according to clearly existing law at the time of removal. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Therefore, a district court should award fees only if clearly established law forecloses removal at the time the party filed notice in federal court. *Id.*

In this case, Defendants fell short of meeting their burden of proof on the issue of fraudulent joinder, but no clearly established law foreclosed that issue as a basis for removal. The question of Nitza's citizenship is a different matter. The requirement that a party plead citizenship rather than residency when asserting jurisdiction under § 1332 is not an obscure or ambiguous rule. The most cursory review of Seventh Circuit precedent on this issue reveals the insufficiency of pleading residency. *See, e.g.*, *Meyerson*, 299 F.3d at 617 (referring to the "gross

inadequacy of the jurisdictional allegations" where the complaint "does not indicate the citizenship of any of the defendants."); *Tylka*, 211 F.3d at 447 (pointing out the "obvious deficiency" of a notice of removal in which the defendant "referred to the *residence* of the individual plaintiffs, not their *citizenship* as required by 28 U.S.C. § 1332(a)(1).") (emphasis in original); *Guaranty Nat'l Title*, 101 F.3d at 58. Thus Defendants have no basis to argue that the law on this issue is not clearly established.

Nor can Defendants argue that their failure to address Nitza's citizenship is a trivial technical error—an inadvertent substitution of the word "residency" for "citizenship," for example. If that were the case, after Plaintiff raised the issue in the motion to remand Defendants certainly would have taken the necessary steps to show Nitza's state citizenship. Instead, they offered testimony asserting nothing more than her residency. They failed, in other words, to address the issue of Nitza's citizenship in any sort of meaningful or substantial manner. It is objectively unreasonable to proceed with removal while disregarding its basic requirements. *See, e.g.*, *TCF Nat'l Bank*, 2010 WL 4791454, at *1 ("Defendant characterized its failure to establish the citizenship of its members in the notice of removal as a 'minor oversight.' The Court disagrees."). We therefore award Plaintiff her costs and reasonable attorney's fees related to the removal and remand of this case. If the parties cannot agree on the appropriate amount, Plaintiff must timely file a motion for costs and attorney's fees in accordance with Local Rule 54.3. *See* N.D. Ill. L. R. 54.3.

## CONCLUSION

For the foregoing reasons, we grant Plaintiff's motion to remand and order Defendants to pay Plaintiff's reasonable costs and fees. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: December 18, 2012